[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 7, 2010
JOHN LEY
CLERK

_____

No. 08-14498
Non-Argument Calendar

_____

D. C. Docket No. 08-00035-CR-7-CLS-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE TERRELL WILLS,
a.k.a. Head,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 7, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Willie Terrell Wills appeals his 120-month total sentence for two counts of distribution of cocaine base, and one count of possession of a firearm by a convicted felon. Wills argues on appeal that the district court relied on impermissible factors in determining his sentences. Specifically, Wills challenges the district court's consideration of the facts that he was never married but fathered three children, and contested the paternity of two of his children when the mother sought child support as evidence of Wills's character. Wills raised no objection regarding this matter in the district court.

We have not previously addressed whether a district court's consideration of out-of-wedlock children, or paternity challenges by a defendant, are impermissible sentencing factors under 18 U.S.C. §§ 3661 and 3553(a). Assuming that Wills's claim of error is correct, however, he has not demonstrated plain error here because the district court also relied on Wills's extensive criminal history. The court stated that Wills's extensive criminal history reflected "a blatant disregard for the law over a relatively short period of years," noting a series of Wills's drug arrests, most of which were committed while Wills was out on bond awaiting adjudication for a prior charged offense. The district court also noted that Wills was on probation for five separate convictions at the time he committed the offense of conviction for which he was being sentenced. Finally, the district court considered that, with

2

respect to the offense of conviction, Wills led police on a high-speed chase in a residential area where pedestrians were present, and, in fact, caused a head-on collision between his vehicle and one driven by an innocent third party.

The court stated that the above uncontested facts were sentencing factors he could take into account under § 3553(a) because they were historical facts that revealed a great deal about Wills's attitude towards the law, personal accountability, and responsibility for his actions, as well as the seriousness of this offense and that the sentence took into account deterrence to criminal conduct by Wills and protecting the public from further crimes by Wills. Wills has not demonstrated any reasonable chance that he would have been sentenced differently had the district court not considered the allegedly impermissible paternity issues.

**AFFIRMED.**